

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| APRIL LEE a/k/a APRIL LEE BARNES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| § | CIVIL ACTION NO. 9:03-CV-202 |
| ALCO DISCOUNT STORES, INC. § | |
| TRINITY, TX a/k/a DUCKWALL-ALCO § | JURY |
| STORES, INC., a/k/a § | |
| DUCKWALL-ALCO HOLDINGS, § | |
| L.L.C., DUCKWALL-ALCO, L.P. and § | |
| ARNOLD RAMSEY, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL AND DEFENDANT'S OBJECTIONS AND MOTIONS TO STRIKE**

Before the Court are Plaintiff April Lee's *Motion for New Trial* [Clerk's Doc. No. 118] and Defendant Duckwall-Alco Stores, Inc.'s ("Duckwall") *Objections to and Motion to Strike Paragraphs Two, Three, and Four of Plaintiff's Counsel's Affidavit* [Clerk's Doc. No. 119, page 4] and *Motion to Strike Plaintiff's Counsel's Unauthorized Tape-Recorded Conversation with Connie Melton* [Clerk's Doc. No. 124].

For the reasons stated below, the Court is of the opinion that Plaintiff's *Motion for New Trial* [Clerk's Doc. No. 118] should be DENIED in all respects, Duckwall's *Objections to and Motion to Strike Paragraphs Two, Three, and Four of Plaintiff's Counsel's Affidavit* [Clerk's

Doc. No. 119, page 4] should be GRANTED and Duckwall's *Motion to Strike Plaintiff's Counsel's Unauthorized Tape-Recorded Conversation with Connie Melton* [Clerk's Doc. No. 124] should be GRANTED as moot.

## Factual and Procedural Background

After a four-day trial on the merits, the jury returned a verdict in favor of Defendant Duckwall on April 29, 2005. This Court entered a Final Judgment against Plaintiff on May 3, 2005 [Clerk's Doc. No. 117]. On May 13, 2005, Plaintiff alleged juror misconduct and filed a *Motion for New Trial* [Clerk's Doc. No. 118]. Specifically, Plaintiff contends that jurors, including foreperson Connie Melton, wrongfully considered "extraneous law," deliberated on this "law," and ultimately decided the case on the basis of this other "law." *See* Plaintiff's *Motion for New Trial*, pp. 2-3. In response to Plaintiff's request, the Court held an evidentiary hearing on this matter in Lufkin, Texas, on June 13, 2005.

## The Legal Standard for Investigating Allegations of Juror Misconduct

All inquiries into the improper communication of extrinsic information to jurors are governed by FED. R. EVID. 606(b), which states:

"**Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a **juror may not testify as to any matter or statement occurring during the course of the jury's deliberations** or **to the effect of anything upon that or any other juror's mind or emotions** as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a **juror may testify on the question whether extraneous  prejudicial information was improperly brought to the jury's attention** or **whether any outside influence was improperly brought to bear upon any juror**. Nor may a juror's affidavit **or evidence of any statement by the juror** concerning a matter about which the juror would be precluded from testifying be received for these purposes (emphasis added)." FED. R. EVID. 606(b).

The Fifth Circuit has stated that jurors cannot testify regarding at least four topics: (1) the method or arguments of a jury's deliberations, (2) the effect of any particular thing upon deliberations, (3) the mindset or emotions of any juror during deliberations, and (4) a testifying

-2-

juror's own mental process during deliberations. *United States v. Jones*, 132 F.3d 232, 245 (5th Cir. 1998). This Court is simply barred from considering any evidence from these categories. Additionally, jurors may only testify to extraneous forces which improperly influenced their deliberations. *Id*. Any party seeking to invalidate a jury's verdict must establish that improper communication of extraneous information **likely** occurred. *United States v. Tarpley*, 945 F.2d 806, 811 (5th Cir. 1991) (emphasis added).

## Plaintiff's Evidence

Besides the in court testimony of Connie Melton, Plaintiff relies on the following in support of her motion for new trial: (1) a recorded phone conversation between Plaintiff's counsel and Mrs. Melton, and (2) a May 12, 2005, affidavit of Plaintiff's counsel.

## The Phone Conversation

On May 4, 2005, Plaintiff's counsel recorded his telephone call with Mrs. Melton. Plaintiff's counsel never told Mrs. Melton that she was being recorded and Mrs. Melton never authorized the recording. During a status conference on May 26, 2005, Plaintiff's counsel withdrew his tender of the recorded conversation and this Court sustained Duckwall's objections to it as moot. *See* Minute Entry for Proceedings Held 5/26/2005 [Clerk's Doc. No. 126].

## The Affidavit

Plaintiff also offers the affidavit of Plaintiff's counsel to support her allegations of juror misconduct. This affidavit was completed on May 12, 2005, and conveys a conversation that occurred between Plaintiff's counsel and Mrs. Melton on May 2, 2005. The affidavit focuses on the jury's deliberations, the jury's understanding of the Court's charge, and the jury's understanding of special verdict forms. *See* Affidavit of William D. Bloodworth II [Clerk's Doc. No. 118, Exhibit A].

Duckwall objects to and moves to strike paragraphs two, three, and four of Plaintiff's counsel's affidavit for two reasons: (1) inadmissible hearsay under FED. R. EVID. 801-802 and *Williamson v. U.S. Dept. Of Agriculture*, 815 F.2d 368, 383 (5th Cir. 1987), and (2) prohibited statements under FED. R. EVID. 606(b).  *See* Duckwall's Response [Clerk's Doc. 119, page 4]. Additionally, Duckwall contends that counsel's affidavits are speculative and insufficient to grant a motion for new trial. *See* Duckwall's Response [Clerk's Doc. 119, page 4, citing *U.S. v. Wall*, 389 F.3d 457 (5th Cir. 2004), and *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309-10 (5th Cir. 1977)].

Plaintiff's counsel's affidavit is replete with Mrs. Melton's out of court statements. Since these statements are all offered to prove the truth of the matters asserted, they are hearsay under FED. R. EVID. 801.  Plaintiff has offered no persuasive hearsay exception that would allow the inclusion of Mrs. Melton's testimony.

Besides containing hearsay, Plaintiff's counsel's affidavit also violates Rule 606(b). Virtually every statement in paragraphs two, three, and four pertain to either "the juror's mental processes," a "matter or statement occurring during the course of the jury's deliberations," or an "effect of anything upon" a juror's mind or emotions.  *See* FED. R. EVID. 606(b).  Furthermore, Rule 606(b) expressly forbids this Court from receiving an "affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying."  Because Rule 606(b) bars this Court from considering testimony from Mrs. Melton herself on these matters, any affidavit from Plaintiff's counsel attempting to "bootstrap" the very same issues must be disregarded as well.  To the extent that Plaintiff's counsel's affidavit includes statements prohibited under FED. R. EVID. 606(b) and hearsay under FED. R. EVID. 802, Duckwall's motion to strike is GRANTED.

**The Hearing**

On May 26, 2005, counsel for both parties agreed that this Court would conduct an evidentiary hearing with Mrs. Melton.  *See* Minute Entry for Proceedings Held May 26, 2005 [Clerk's Doc. No. 126].  In anticipation of this hearing, counsel for both parties proposed *voir dire* questions for Mrs. Melton [Clerk's Doc. Nos. 128 and 130].  Mrs. Melton appeared under lawful subpoena and provided sworn testimony on June 13, 2005, in Lufkin, Texas [Clerk's Doc. No. 133].

At the June 13th hearing, Mrs. Melton clearly stated that no extrinsic, tangible documents or papers were brought into the jury room by any of the jurors.  Mrs. Melton also told this Court that no juror brought extraneous "law" into the jury room.  Mrs. Melton did relate that jurors compared the evidence at trial with their own employment experiences.  However, since this portion of her testimony regards a "matter or statement occurring during the course of the jury's deliberations**,**" it has been disregarded by the Court under FED. R. EVID. 606(b).

Mrs. Melton's sworn testimony differed greatly from the pre-hearing assertions of Plaintiff's counsel.  The flaws present in Plaintiff's remaining evidence have been detailed above.  Plaintiff has produced no evidence that improper extraneous information was likely communicated to the jury and has failed to reach the evidentiary burden necessary for a new trial.  Therefore, the Court concludes that neither extraneous prejudicial information nor outside influence was improperly brought to the jury's attention.  It is the opinion of the Court that Plaintiff's *Motion for New Trial* should be DENIED in all respects.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for New Trial* [Clerk's Doc. No. 118] is **DENIED** in all respects.

      **IT IS FURTHER ORDERED** that Duckwall's *Objections to and Motion to Strike Paragraphs Two, Three, and Four of Plaintiff's Counsel's Affidavit* [Clerk's Doc. No. 119, page 4] is **GRANTED**.

      **IT IS FURTHER ORDERED** that Duckwall's *Motion to Strike Plaintiff's Counsel's Unauthorized Tape-Recorded Conversation with Connie Melton* [Clerk's Doc. No. 124] should be **GRANTED** as MOOT.

    **SO ORDERED.**

    **SIGNED** this the **16** day of **June, 2005.**

_____
Thad Heartfield
United States District Judge